**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESSIE McDANIEL, | No. 18-15256 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00003-JAD-PAL |
| v. | |
| ROBERT WILKIE*, Secretary, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 12, 2018***

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Essie McDaniel appeals pro se from the district court's summary judgment

in her employment action alleging retaliation in violation of Title VII. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Trunk v. City of San*

---

\*       Robert Wilkie has been substituted for his predecessor, David J. Shulkin, as Secretary of Veterans Affairs under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Diego*, 629 F.3d 1099, 1105 (9th Cir. 2011). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Summary judgment on McDaniel's retaliation claim was proper because McDaniel failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-retaliatory reason for not hiring McDaniel was pretextual. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (explaining burden-shifting framework for Title VII retaliation claims and requirements for establishing pretext); *see also Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002) (a plaintiff must offer "specific, substantial evidence of pretext" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-15256